

Keith E. Sharkin
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
        ksharkin@kslaw.com

Christopher J. Renk
Erik S. Maurer
Michael J. Harris
Katherine L. Fink
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, Illinois  60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
        crenk@bannerwitcoff.com
        emaurer@bannerwitcoff.com
        mharris@bannerwitcoff.com
        kfink@bannerwitcoff.com

Attorneys for Plaintiff,
NIKE, Inc.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **NIKE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | |
| **ALREADY, LLC,** | ) | |
| **d/b/a YUMS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, NIKE, Inc. ("NIKE"), for its complaint against Defendant, Already, LLC, d/b/a

Yums ("Yums"), alleges as follows:

## The Parties

1.      NIKE is a corporation organized and existing under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

2.      On information and belief, Yums is a corporation organized under the laws of the State of Texas with a principal place of business at 410 Lillard Road, Suite 301, Arlington, Texas 76012.

## Jurisdiction and Venue

3.      This is an action for trademark infringement, false designation of origin, unfair competition, and trademark dilution.  This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("Lanham Act"), New York General Business Law Section 360, and the common law of the State of New York.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

5.      This Court may exercise personal jurisdiction over Yums based upon its contacts with this forum, including at least regularly and intentionally doing business here and committing acts giving rise to this lawsuit here.

6.      Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## General Allegations – NIKE's Mark

7.      NIKE is the world's leading designer, marketer, and distributor of authentic athletic footwear, apparel, equipment, and accessories for a wide variety of sports and fitness activities.

8.    NIKE has taken steps to protect its innovative designs, including its footwear-related designs.  For example, NIKE owns numerous trademark rights relating to the source identifying features of its footwear designs.

9.    Relevant to this dispute, in 1982, NIKE designed the Air Force 1 shoe.  Since then, NIKE has expended substantial resources marketing and promoting the Air Force 1 shoe. NIKE has produced the shoe in over 1,700 different color combinations and has sold the shoe in all fifty states and around the world.  Over the years, the Air Force 1 shoe has gained in popularity to the extent that NIKE sells tens of millions of pair per year.

10.   The Air Force 1 shoe has a distinctive appearance with a unique and non-functional design that identifies to consumers that the origin of the shoe is NIKE.  Illustration 1 below shows the iconic Air Force 1 shoe.



**Illustration 1:  The Air Force 1 Shoe**

11.   NIKE owns federal trademark registrations for the design of the Air Force 1 shoe. For example, NIKE owns U.S. Trademark Registration Number 3,451,905, registered June 24, 2008, for "the design of the stitching on the exterior of the shoe, the design of the material panels that form the exterior body of the shoe, the design of the wavy panel on the top of the shoe that

encompasses the eyelets for the shoe laces, the design of the vertical ridge pattern on the sides of the sole of the shoe, and the relative position of these elements to each other" as generally shown in Illustration 2 below.  A copy of Registration No. 3,451,905 ("'905 Registration") is attached to this Complaint as Exhibit A.



**Illustration 2:  '905 Registration Figure**

12.     NIKE also has common law trademark rights in the design of the Air Force 1 shoe as a result of NIKE's continuous and exclusive use of the design for more than twenty-five years. NIKE's federal and common law trademark rights in the design of the Air Force 1 shoe are collectively hereafter referred to as the "NIKE Mark."

13.     The NIKE Mark has become a famous and well-known indicator of the origin and quality of NIKE footwear.  The NIKE Mark has acquired substantial secondary meaning in the marketplace as a result of at least NIKE's continuous and exclusive use of the design, NIKE's substantial marketing and promotion efforts related to the design, and NIKE's substantial sales under the design.

## General Allegations – Yums' Unlawful Activity

14.     On information and belief, Yums sells, offers to sell, distributes, or advertises footwear bearing a confusingly similar imitation of the NIKE Mark (the "Infringing Shoes").

15.     On information and belief, Yums sells, offers to sell, distributes, or advertises the Infringing Shoes in several styles, including at least Sugar and Soulja Boy.

16.     Illustration 3 below demonstrates Yums' unlawful activity by comparing the NIKE Mark to an image of a representative Infringing Shoe, the Yums Sugar model.



| Illustration 3:  Example NIKE Mark (left), Yums Sugar Model (right) | |
| --- | --- |
| '905 Registration Figure | Representative Infringing Shoe |

17.     NIKE used the NIKE Mark extensively and continuously before Yums began selling, offering to sell, distributing, or advertising the Infringing Shoes.

18.     NIKE has never authorized Yums to sell, offer to sell, distribute, or advertise the Infringing Shoes.

### Count I: Trademark Infringement under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))

19.     NIKE re-alleges each and every allegation set forth in paragraphs 1 through 18 above, inclusive, and incorporates them by reference herein.

20.     Yums' offer to sell, sale, distribution, or advertisement of Infringing Shoes violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21.     The NIKE Mark is federally registered, and it is entitled to protection under both federal law and common law.  The NIKE Mark has a distinctive appearance with a unique and non-functional design.  NIKE has extensively and continuously promoted and used the NIKE Mark for more than twenty-five years in the United States and worldwide.  Through that extensive and continuous use, the NIKE Mark has become a famous and well-known indicator of

the origin and quality of NIKE footwear.   The NIKE Mark has also acquired substantial secondary meaning in the marketplace.

22.     Yums' use of colorable imitations of the NIKE Mark is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Shoes, at least by creating the false and misleading impression that the Infringing Shoes are manufactured by, authorized by, or otherwise associated with NIKE.

23.     Yums' use of colorable imitations of the NIKE Mark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIKE for which NIKE has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the NIKE Mark.

24.     On information and belief, Yums' use of colorable imitations of the NIKE Mark has been intentional, willful, and malicious.   Yums' bad faith is evidenced at least by the similarity of the Infringing Shoes to the NIKE Mark, as demonstrated in Illustration 3 above.

25.     NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Yums' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**Count II: False Designation of Origin/Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

26.     NIKE re-alleges each and every allegation set forth in paragraphs 1 through 25 above, inclusive, and incorporates them by reference herein.

27.     Yums' offer to sell, sale, distribution, or advertisement of Infringing Shoes violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28.     The NIKE Mark is federally registered, and it is entitled to protection under both federal law and common law.   The NIKE Mark has a distinctive appearance with a unique and

non-functional design.   NIKE has extensively and continuously promoted and used the NIKE Mark for more than twenty-five years in the United States and worldwide.   Through that extensive and continuous use, the NIKE Mark has become a famous and well-known indicator of the origin and quality of NIKE footwear.   The NIKE Mark has also acquired substantial secondary meaning in the marketplace.

29.   Yums' use of colorable imitations of the NIKE Mark constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Shoes by creating the false and misleading impression that the Infringing Shoes are manufactured by, authorized by, or otherwise associated with NIKE.

30.   Yums' use of colorable imitations of the NIKE Mark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIKE for which NIKE has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the NIKE Mark.

31.   On information and belief, Yums' use of colorable imitations of the NIKE Mark has been intentional, willful, and malicious.   Yums' bad faith is evidenced at least by the similarity of the Infringing Shoes to the NIKE Mark, as demonstrated in Illustration 3 above.

32.   NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Yums' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count III: Dilution under Section 43(c) of the Lanham Act
## 15 U.S.C. § 1125(c)

33.   NIKE re-alleges each and every allegation set forth in paragraphs 1 through 32 above, inclusive, and incorporates them by reference herein.

34.     Yums' offer to sell, sale, distribution, or advertisement of Infringing Shoes violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

35.     The NIKE Mark is federally registered, and it is entitled to protection under both federal law and common law.  The NIKE Mark has a distinctive appearance with a unique and non-functional design.  NIKE has extensively and continuously promoted and used the NIKE Mark for more than twenty-five years in the United States and worldwide.  Through that extensive and continuous use, the NIKE Mark has become a famous and well-known indicator of the origin and quality of NIKE footwear.  The NIKE Mark has also acquired substantial secondary meaning in the marketplace.

36.     The NIKE Mark is famous, and has acquired substantial secondary meaning in the marketplace, before Yums' use of colorable imitations of the NIKE Mark.

37.     Yums' use of colorable imitations of the NIKE Mark is likely to cause, and has caused, dilution of the famous NIKE Mark at least by eroding the public's exclusive identification of the famous NIKE Mark with NIKE and by lessening the capacity of the famous NIKE Mark to identify and distinguish NIKE footwear.

38.     Yums' use of colorable imitations of the NIKE Mark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIKE for which NIKE has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the NIKE Mark.

39.     On information and belief, Yums' use of colorable imitations of the NIKE Mark has been intentional, willful, and malicious.  Yums' bad faith is evidenced at least by the similarity of the Infringing Shoes to the NIKE Mark, as demonstrated in Illustration 3 above.

40.    NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Yums' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV: Common Law Trademark Infringement and Unfair Competition**

41.    NIKE re-alleges each and every allegation set forth in paragraphs 1 through 40 above, inclusive, and incorporates them by reference herein.

42.    Yums' offer to sell, sale, distribution, or advertisement of Infringing Shoes constitutes common law trademark infringement and unfair competition.

43.    The NIKE Mark is federally registered, and it is entitled to protection under both federal law and common law.  The NIKE Mark has a distinctive appearance with a unique and non-functional design.  NIKE has extensively and continuously promoted and used the NIKE Mark for more than twenty-five years in the United States and worldwide.  Through that extensive and continuous use, the NIKE Mark has become a famous and well-known indicator of the origin and quality of NIKE footwear.  The NIKE Mark has also acquired substantial secondary meaning in the marketplace.

44.    Yums' use of colorable imitations of the NIKE Mark is likely to cause consumer confusion as to the origin or sponsorship of the Infringing Shoes by creating the false and misleading impression that the Infringing Shoes are manufactured by, authorized by, or otherwise associated with NIKE.

45.    Yums' use of colorable imitations of the NIKE Mark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIKE for which NIKE has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the NIKE Mark.

46.     On information and belief, Yums' use of colorable imitations of the NIKE Mark has been intentional, willful, and malicious. Yums' bad faith is evidenced at least by the similarity of the Infringing Shoes to the NIKE Mark, as demonstrated in Illustration 3 above.

47.     NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Yums' profits, actual damages, punitive damages, costs, and reasonable attorney fees.

## Count V: Dilution under New York State Law
## New York General Business Law § 360

48.     NIKE re-alleges each and every allegation set forth in paragraphs 1 through 47 above, inclusive, and incorporates them by reference herein.

49.     Yums' offer to sell, sale, distribution, or advertisement of Infringing Shoes violates Section 360 of New York General Business Law.

50.     The NIKE Mark is federally registered, and it is entitled to protection under both federal law and common law. The NIKE Mark has a distinctive appearance with a unique and non-functional design. NIKE has extensively and continuously promoted and used the NIKE Mark for more than twenty-five years in the United States and worldwide. Through that extensive and continuous use, the NIKE Mark has become a famous and well-known indicator of the origin and quality of NIKE footwear. The NIKE Mark has also acquired substantial secondary meaning in the marketplace.

51.     The NIKE Mark is famous, and has acquired substantial secondary meaning in the marketplace, prior to Yums' use of colorable imitations of the NIKE Mark.

52.     Yums' use of colorable imitations of the NIKE Mark is likely to cause, and has caused, dilution of the famous NIKE Mark at least by eroding the public's exclusive identification of the famous NIKE Mark with NIKE and by lessening the capacity of the famous NIKE Mark to identify and distinguish NIKE footwear.

53.    Yums' use of colorable imitations of the NIKE Mark has caused, and unless enjoined, will continue to cause substantial and irreparable injury to NIKE for which NIKE has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the NIKE Mark.

54.    On information and belief, Yums' use of colorable imitations of the NIKE Mark has been intentional, willful, and malicious.  Yums' bad faith is evidenced at least by the similarity of the Infringing Shoes to the NIKE Mark, as demonstrated in Illustration 3 above.

55.    NIKE is entitled to injunctive relief, and NIKE is also entitled to recover Yums' profits, actual damages, punitive damages, costs, and reasonable attorney fees.

### Jury Demand

NIKE demands a trial by jury.

### Relief Sought

WHEREFORE, NIKE respectfully prays for:

A.    Judgment that Yums has (i) willfully infringed the NIKE Mark in violation of § 1114 of Title 15 in the United States Code, (ii) willfully used false designations of origin/unfair competition in violation of § 1125(a) of Title 15 in the United States Code, (iii) willfully diluted the NIKE Mark in violation of § 1125(c) of Title 15 in the United States Code, (iv) willfully infringed the NIKE Mark and engaged in unfair competition in violation of the common law of New York; and (v) willfully diluted the NIKE Mark in violation of Section 360 of the New York General Business Law;

B.    An injunction prohibiting Yums and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from continuing infringement, false designation of origin, unfair competition, and dilution of the

NIKE Mark, including at least from selling, offering to sell, distributing, or advertising the Infringing Shoes, or any other copy, reproduction, or colorable imitation of the NIKE Mark;

      C.      An order directing the destruction of all Infringing Shoes, or any other copy, reproduction, or colorable imitation of the NIKE Mark in Yums' possession or control, including the destruction of all advertising materials related to the Infringing Shoes in Yums' possession or control, including on the Internet;

      D.      An award of Yums' profits, actual damages, enhanced profits and damages, punitive damages, costs, and reasonable attorney fees; and

      E.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  July 16, 2009

Keith E. Sharkin
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
   ksharkin@kslaw.com

Christopher J. Renk
Erik S. Maurer
Michael J. Harris
Katherine L. Fink
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  (312) 463-5000
Facsimile:  (312) 463-5001
   crenk@bannerwitcoff.com
   emaurer@bannerwitcoff.com
   mharris@bannerwitcoff.com
   kfink@bannerwitcoff.com

Attorneys for Plaintiff,
NIKE, Inc.

# EXHIBIT A

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**United States Patent and Trademark Office**

Reg. No. 3,451,905

Registered June 24, 2008

## TRADEMARK
### PRINCIPAL REGISTER



NIKE, INC. (OREGON CORPORATION)
ONE BOWERMAN DRIVE
BEAVERTON, OR 97005

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-28-1982; IN COMMERCE 10-28-1982.

THE MARK CONSISTS OF THE DESIGN OF THE STITCHING ON THE EXTERIOR OF THE SHOE, THE DESIGN OF THE MATERIAL PANELS THAT FORM THE EXTERIOR BODY OF THE SHOE, THE DESIGN OF THE WAVY PANEL ON TOP OF THE SHOE THAT ENCOMPASSES THE EYELETS FOR THE SHOE LACES, THE DESIGN OF THE VERTICAL RIDGE PATTERN ON THE SIDES OF THE SOLE OF THE SHOE, AND THE RELATIVE POSITION OF THESE ELEMENTS TO EACH OTHER. THE BROKEN LINES SHOW THE POSITION OF THE MARK AND ARE NOT CLAIMED AS PART OF THE MARK.

SEC. 2(F).

SER. NO. 77-055,375, FILED 12-1-2006.

GEOFFREY FOSDICK, EXAMINING ATTORNEY