```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
NIKE, INC.,                                                       :
                                                                  :
                                                                  :
                                                                  :
                                     Plaintiff,                   :       09 Civ. 6366 (RJS)
                                                                  :
             - against -                                          :
                                                                  :
                                                                  :       ANSWER AND
ALREADY, LLC d/b/a YUMS,                                          :       COUNTERCLAIM
                                                                  :
                                                                  :
                                     Defendant.                   :
                                                                  :
------------------------------------------------------------------x
```

Defendant Already, LLC d/b/a YUMS, by its attorneys, for its Answer to the Complaint:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Admits the allegations of paragraph 2.

3. Admits that the plaintiff's claims in this action purport to arise under (i) the Trademark Act of 1946, (ii) Section 360 of the New York General Business Law, and (iii) the common law of the State of New York, and except as so admitted denies the allegations of paragraph 3.

4. Admits that the Court has subject matter jurisdiction to hear this action under at least 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a), and except as so admitted denies the allegations of paragraph 4.

5. Admits that Yums does not object to personal jurisdiction in this Court with respect to the claims pleaded by plaintiff herein, and except as so admitted denies the

allegations of paragraph 5.

6. Admits that Yums does not object to venue in this district with respect to the claims pleaded by plaintiff herein, and except as so admitted denies the allegations of paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 7-9.

8. Denies that the shoe depicted in paragraph 10 of the Complaint embodies a "non-functional" design that "identifies to consumers that the origin of the shoe is NIKE," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

9. Admits that a copy of U.S. Trademark Registration No. 3,451,905 is attached to the Complaint as Exhibit A, and except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

10. Denies the allegations of paragraph 12.

11. Denies that the design of the shoe depicted in paragraph 10 of the Complaint is a "mark," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

12. Denies the allegations of paragraphs 14-16.

13. Denies that the design of the shoe depicted in paragraph 10 of the Complaint is a "mark," denies that YUMS shoes are properly characterized as "Infringing Shoes," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

14. Denies that YUMS shoes are properly characterized as "Infringing Shoes," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

## COUNT I

15. Responding to paragraph 19 of the Complaint, Yums repeats and incorporates by reference paragraphs 1 through 14, above, as if set forth in full.

16. Denies the allegations of paragraph 20.

17. Denies that the design of the shoe depicted in paragraph 10 of the Complaint "is federally registered" or "is entitled to protection under both federal law and common law"; denies that the design of the shoe depicted in paragraph 10 of the Complaint is "non-functional"; denies that the design of the shoe depicted in paragraph 10 of the Complaint is a "mark," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

18. Denies the allegations of paragraphs 22-25.

## COUNT II

19. Responding to paragraph 26 of the Complaint, Yums repeats and incorporates by reference paragraphs 1 through 18, above, as if set forth in full.

20. Denies the allegations of paragraph 27.

21. Denies that the design of the shoe depicted in paragraph 10 of the Complaint "is federally registered" or "is entitled to protection under both federal law and common law"; denies that the design of the shoe depicted in paragraph 10 of the Complaint is "non-functional"; denies that the design of the shoe depicted in paragraph 10 of the

Complaint is a "mark," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

22. Denies the allegations of paragraphs 29-32.

### COUNT III

23. Responding to paragraph 33 of the Complaint, Yums repeats and incorporates by reference paragraphs 1 through 22, above, as if set forth in full.

24. Denies the allegations of paragraph 34.

25. Denies that the design of the shoe depicted in paragraph 10 of the Complaint "is federally registered" or "is entitled to protection under both federal law and common law"; denies that the design of the shoe depicted in paragraph 10 of the Complaint is "non-functional"; denies that the design of the shoe depicted in paragraph 10 of the Complaint is a "mark," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

26. Denies knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations that certain features of the shoe depicted in paragraph 10 of the Complaint are purportedly "famous" or have "substantial secondary meaning," and otherwise denies the allegations of paragraph 36.

27. Denies the allegations of paragraphs 37-40.

### COUNT IV

28. Responding to paragraph 41 of the Complaint, Yums repeats and incorporates by reference paragraphs 1 through 27, above, as if set forth in full.

29. Denies the allegations of paragraph 42.

30. Denies that the design of the shoe depicted in paragraph 10 of the Complaint "is federally registered" or "is entitled to protection under both federal law and common law"; denies that the design of the shoe depicted in paragraph 10 of the Complaint is "non-functional"; denies that the design of the shoe depicted in paragraph 10 of the Complaint is a "mark," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

31. Denies the allegations of paragraphs 44-47.

## COUNT V

32. Responding to paragraph 48 of the Complaint, Yums repeats and incorporates by reference paragraphs 1 through 31, above, as if set forth in full.

33. Denies the allegations of paragraph 49.

34. Denies that the design of the shoe depicted in paragraph 10 of the Complaint "is federally registered" or "is entitled to protection under both federal law and common law"; denies that the design of the shoe depicted in paragraph 10 of the Complaint is "non-functional"; denies that the design of the shoe depicted in paragraph 10 of the Complaint is a "mark," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

35. Denies knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations that certain features of the shoe depicted in paragraph 10 of the Complaint are purportedly "famous" or have "substantial secondary meaning," and otherwise denies the allegations of paragraph 51.

36. Denies the allegations of paragraphs 52-55.

### FIRST AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred, in whole or in part, by the federal policy found in Article I, § 8, cl. 8 of the Constitution as interpreted in *Compco Corp. v. Day-Brite Lighting, Inc.*, 376 U.S. 234, 237-39 (1964).

### SECOND AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred, in whole or in part, by the Patent Act of 1952, as amended, or federal common law as interpreted in *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 165 (1989).

### THIRD AFFIRMATIVE DEFENSE

39. The design of the shoe depicted in paragraph 10 of the Complaint affects the quality of shoes that embody that design, and accordingly is ineligible for protection as a "trademark" under *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 33 (2001).

### FOURTH AFFIRMATIVE DEFENSE

40. The features recited in Exhibit A to the Complaint affect the quality of shoes that embody those features, and accordingly are ineligible for protection as a "trademark" under *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 33 (2001).

### FIFTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, by laches.

## COUNTERCLAIM

Already, LLC d/b/a YUMS, by its attorneys, as and for its counterclaim in this action alleges:

42. Already, LLC d/b/a YUMS ("Yums") is a corporation organized and existing under the laws of Texas, with its principal place of business located in Arlington, Texas.

43. On information and belief, plaintiff Nike, Inc. ("Nike") is a corporation organized and existing under the laws of Oregon, with its principal place of business located in Beaverton, Oregon.

44. On or about July 16, 2009, Nike commenced this civil action against Yums.

45. In its complaint in this action, Nike claimed to be the owner of Registration No. 3,451,905 (the "'905 Registration").

46. In its answer in this action, Yums denies the validity of the '905 Registration and denies the validity of the purported "mark" described and claimed therein.

47. The purported "mark" depicted and described in the '905 Registration is not, in fact, a "trademark" within the meaning of 15 U.S.C. § 1127.

48. The purported "mark" depicted and described in the '905 Registration is not a "symbol" or a "device" used "on" or "in connection with" "goods" within the meaning of 15 U.S.C. § 1125(a)(1), but rather consists of integral features of "goods" sold by plaintiff.

49. The file wrapper of the '905 Registration does not contain evidence sufficient to support any finding or conclusion that the purported "mark" depicted and

described in the '905 Registration is primarily perceived, by at least a majority of relevant persons, as a designation of origin as distinct from a style of shoe.

50.  The file wrapper of the '905 Registration does not contain evidence sufficient to support any finding or conclusion that the purported "mark" depicted and described in the '905 Registration is "non-functional" and does not affect the quality of shoes that embody the so-called "mark."

51.  The purported "mark" depicted and described in the '905 Registration consists of potentially patentable, but unpatented, subject matter that was fully disclosed to the public long prior to 2007.

52.  The purported "mark" depicted and described in the '905 Registration is in the public domain as a matter of federal patent law.

53.  An actual controversy exists between Yums and Nike regarding whether the purported "mark" depicted and described in the '905 Registration is protectable as a trademark under the Trademark Act of 1946, as amended, or under New York state statutory or common law.

54.  An actual controversy exists between Yums and Nike regarding whether the '905 Registration is valid.

55.  An actual controversy exists between Yums and Nike regarding whether YUMS shoes embody the purported "mark" depicted and described in the '905 Registration.

56.  An actual controversy exists between Yums and Nike regarding whether Yums's marketing or sale of YUMS shoes has infringed or is infringing any rights of Nike in the purported "mark" depicted and described in the '905 Registration or placed on shoes exemplified by the shoe depicted in paragraph 10 of the Complaint.

WHEREFORE, Yums prays that the Court:

(i) Dismiss the plaintiff's Complaint with prejudice;

(ii) Declare, adjudge, and decree that the purported "mark" depicted in the '905 Registration is not a valid trademark under federal or New York state law;

(iii) Declare, adjudge, and decree that the design of the shoe depicted in paragraph 10 of the Complaint herein is not a valid trademark under federal or New York state law;

(iv) Declare, adjudge, and decree that Yums has not infringed any rights that Nike may have in the purported "mark" depicted in the '905 Registration;

(v) Declare, adjudge, and decree that Yums has not infringed any rights that Nike may have in the configuration of the shoe depicted in paragraph 10 of the Complaint herein;

(vi) Order cancellation of the '905 Registration pursuant to 15 U.S.C. § 1119;

(vii) Award defendants their costs, disbursements and attorneys' fees as allowed by law; and

(viii) Award such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 19, 2009

FRIED, FRANK, HARRIS SHRIVER &
JACOBSON LLP

By: _____
James W. Dabney
Randy C. Eisensmith
Elizabeth P. Kozlowski

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
James.Dabney@friedfrank.com

Attorneys for Defendant
Already, LLC

7497216