IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALREADY, LLC, <br> d/b/a YUMS, <br><br> Defendant. | Civil Action No. 09 CIV 6366 (RJS) <br><br> Jury Trial Demanded |

### DECLARATION OF ERIK S. MAURER
### IN SUPPORT OF NIKE'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS WITHOUT PREJUDICE AND TO DISMISS NIKE'S CLAIMS WITH PREJUDICE

I, Erik S. Maurer, declare and state as follows:

1. I am one of the attorneys of record appearing for plaintiff, NIKE, Inc. ("NIKE"), in the above-captioned action. I am a member in good standing of the Bar of the State of Illinois and admitted to practice *pro hac vice* in this matter. (Court Docket No. 12). I have personal knowledge of the facts herein.

2. I make this Declaration in support of NIKE's Motion to Dismiss Defendant's Counterclaims Without Prejudice and to Dismiss NIKE's Claims With Prejudice.

3. Beginning in approximately spring 2009, NIKE increased its efforts to enforce its trademark rights in its Air Force 1 low sneaker design, including NIKE's U.S. Trademark Registration No. 3,451,905, issued June 24, 2008 (collectively, the "NIKE Mark").

4. NIKE sent three cease and desist letters to Defendant, Already, LLC. The first two letters, sent May 5 and 11, 2009, were reportedly undeliverable. Defendant responded to the

Declaration of Erik S. Maurer

third letter sent May 21, 2009, to the same address as NIKE's May 5, 2009, letter.

5. On August 19, 2010, Already, LLC hand served a complaint it filed against NIKE in the Northern District of Texas. Defendant had not previously raised with NIKE the issues stated in its complaint. NIKE continued to pursue settlement discussions with Defendant, including efforts to meet with Defendant at the fall 2009 Magic Tradeshow.

6. NIKE and Defendant's Texas counsel (Defendant was represented by both litigation and business counsel from separate firms) met and discussed settlement of both this lawsuit and the Northern District of Texas lawsuit on September 30, 2009, in Texas. Between late December 2009 and early January 2010, the parties negotiated a stand down of active discovery. Business representatives of the parties met in Oregon on February 2, 2010. The parties also met on March 16, 2010, during a settlement conference with Magistrate Judge Ellis.

7. Based on oral negotiations, NIKE prepared and submitted proposed written settlement agreements to Defendant on October 23, 2009, and December 2, 2009. Defendant did not substantively respond to these agreements.

8. From April 2009 to the present, not including the letters sent to Defendant, NIKE has served 15 cease and desist letters relating to the NIKE Mark. The majority of these letters were served and complied with by summer 2009. In addition:

   a. In 2009, NIKE secured three settlement agreements from three different footwear manufacturers: Iguasu Trading USA Inc., d/b/a Vlado Footwear; LaMarca Footwear, LLC; and Focus Group Holdings, Inc., d/b/a Greedy Genuis. These agreements removed four different brands and dozens of different colorways of infringing shoes from the marketplace.

   b. In 2009, NIKE secured a consent judgment against Iguasu Trading USA Inc., d/b/a Vlado Footwear, and a default judgment against Kashi Kicks, Inc.

c. At least six of the manufacturers identified in the 2008 "Top 10 Air Force 'One-a-be's'" article at nicekicks.com/2008/10/top-ten-air-force-one-a-bes are no longer selling copies of the NIKE Air Force 1 sneaker design in the United States. These include Greedy Genuis, Kashi Kicks, Makaveli, A-Town, Starbury, and Madfoot.

d. As of mid-2009, there do not appear to have been follow-up articles to the "Top 10 Air Force 'One-a-be's'" article or related commentary suggesting an association between the NIKE Air Force 1 sneaker design and Defendant's products.

**EXHIBITS TO NIKE'S MOTION**

9. NIKE's Motion Exhibit A is a copy of NIKE's Covenant Not to Sue signed by Julianne R. Davis, dated March 19, 2010.

10. NIKE's Motion Exhibit B is a copy of U.S. Trademark Registration Number 3,451,905, issued June 24, 2008.

11. NIKE's Motion Exhibit C is a true and correct printout of the web page titled "Top 10 Air Force 'One-a-be's'" as captured on June 30, 2009, at http://nicekicks.com/2008/10/top-ten-air-force-one-a-bes.

12. NIKE's Motion Exhibit D is a true and correct printout of the web page titled "The 419 After Service" as captured on January 5, 2010, at http://419afterservice.wordpress.com/.

13. NIKE's Motion Exhibit E is a true and correct copy of an article titled "Yums on deck: Shoe gurus are takin' it to tha streets" from the "Fort Worth Business Press" newspaper, dated July 21 – 27, 2008.

14. NIKE's Motion Exhibit F is a true and correct printout of the web page titled "Yumsshop.com" as captured on May 4, 2009.

15. NIKE's Motion Exhibit G is a true and correct printout of Finish Line, Inc.'s web page listing the Air Force 1 sneaker for sale as captured on January 28, 2010, at http://www.finishline.com/store/product/nike-mens-air-force-1-low-basketball-shoe/_/A-28106?productId=prod594510.

16. NIKE's Motion Exhibit H is a copy of a June 1, 2009, letter from Eugenia S. Hansen, attorney for Defendant, to Julianne R. Davis.

17. NIKE's Motion Exhibit I is a copy of the Complaint in this case filed July 16, 2009.

18. NIKE's Motion Exhibit J is a copy of a July 16, 2009, letter from Erik S. Maurer, attorney for NIKE, to Eugenia S. Hansen.

19. NIKE's Motion Exhibit K is a true and correct printout of the Finish Line Inc.'s web page listing "Yums Men's Soulja Boy Signature" sneaker for sale as captured on January 28, 2010, at http://www.finishline.com/store/product/yums-mens-soulja-boy-signature/_/A-15930?productId=prod638933.

20. NIKE's Motion Exhibit L is a copy of the Answer and Counterclaim in this case filed November 19, 2009 by Already, LLC.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: April 12, 2010      By: _____
                                 Erik S. Maurer
                                 Attorney for NIKE, Inc.
                                 Banner & Witcoff, Ltd.